**23SL-CC02011**

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| **JOYCE MEYERS,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**CREDIT CONTROL, LLC**<br>**3300 Rider Trail S, Suite 500, Earth City, MO**<br>**63045**<br><br>**And**<br><br> **LVNV FUNDING, LLC,**<br>**251 Little Falls Drive,**<br>**Wilmington, DE 19808**<br><br><br><br>          **Defendants.** | Case No:<br><br>**PETITION**<br><br><br>**JURY TRIAL DEMANDED** |

**PETITION FOR VIOLATIONS OF THE FDCPA**

Plaintiff Joyce Meyers, by and through the undersigned counsel, complains, states, and alleges against defendants Credit Control, LLC and LVNV Funding, LLC, as follows:

**INTRODUCTION**

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2.     Plaintiff alleges defendants Credit Control, LLC's and LVNV Funding, LLC's collection practices violate the FDCPA.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4.      The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

5.      "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

6.      "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

7.      When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

8.      Plaintiff has a right to be free from invasions into Plaintiff's individual privacy, Plaintiff's right to be free from harassing, annoying, oppressive, or abusive conduct, and Plaintiff's right to be free from embarrassment and/or reputational harm. The foregoing cause Plaintiff embarrassment, concern regarding her person information and privacy, loss of time, and emotional distress, which caused her to retain counsel.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

10.     This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k.

11.     This Court may exercise personal jurisdiction over defendants Credit Control, LLC and LVNV Funding, LLC because they regularly transact business in Missouri, and the conduct complained of herein, in part, occurred in Missouri.

12.     Venue is proper in this District because part of the acts and transactions that caused injury occurred within this County, defendants Credit Control, LLC and LVNV Funding, LLC are located within this County, and transact substantial business within this County.

## PARTIES

13.     Plaintiff Joyce Meyers ("Plaintiff") is a natural person who is a citizen of the State of Utah.

14.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

15.     Defendant Credit Control, LLC ("Credit Control") is a company existing under the laws of the State of Missouri, with its principal place of business in Earth City, Missouri.

16.     Credit Control has transacted business within this state as is more fully set forth hereinafter in this Petition.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

17.    Credit Control regularly collects or attempts to collect debts asserted to be owed to others.

18.    Credit Control is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.    The principal purpose of Credit Control's businesses is the collection of such debts.

20.    Credit Control uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

21.    Credit Control is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22.    Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

23.    LVNV has transacted business within this state as is more fully set forth hereinafter in this Petition.

24.    LVNV regularly collects or attempts to collect debts asserted to be owed to others.

25.    LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

26.    The principal purpose of LVNV's businesses is the collection of such debts.

27.    LVNV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

28.    LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29.    Credit Control and LVNV hereinafter are referred to as the "Defendants."

30.    The acts of the Defendants as described in this Petition were performed by Defendants or on Defendants' behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

this Petition shall mean Defendants or their owners, officers, agents, and/or employees.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff maintained a personal Lowe's credit card account with Synchrony Bank ("Synchrony").

32.     Due to financial difficulties, Plaintiff began to fall behind on payments owed on the account.

33.     Thereafter, Plaintiff retained counsel to assist Plaintiff with the Synchrony debt.

34.     On November 11, 2019, Plaintiff's counsel, The Ferrer Law Firm, PA, notified Synchrony, of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

35.     Sometime thereafter, the alleged debt was allegedly sold, transferred, and/or assigned to Resurgent Acquisitions, LLC for purposes of collection.

36.     It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

37.     Defendants allege LVNV is the current creditor of the alleged debt.

38.     Upon information and belief, LVNV was notified by Synchrony and/or Resurgent of Plaintiff's attorney's representation in the sale file(s).

39.     Upon information and belief, LVNV was notified by Synchrony and/or Resurgent of Plaintiff's cease and desist in the sale file(s).

40.     Thereafter, LVNV placed, transferred, and/or assigned the alleged debt to Credit Control for purposes of collection on behalf of LVNV.

41.     Upon information and belief, Credit Control was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal LVNV provides the debt collectors it retains to collect debts on its behalf.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

42.     Upon information and belief, Credit Control was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal LVNV provides the debt collectors it retains to collect debts on its behalf.

43.     Alternatively, if Credit Control did not receive notice of Plaintiff's attorney's representation and/or cease and desist when LVNV transferred, assigned, or placed the debt with Credit Control for purposes of collection on behalf of LVNV and did not have access to Plaintiff's attorney's representation and/or cease and desist via LVNV's client portal it provides to its debt collectors, then Credit Control intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with LVNV prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

44.     In spite of Plaintiff's counsel's representation, Credit Control sent a letter directly to Plaintiff on behalf of LVNV, dated June 6, 2022.

45.     In spite of Plaintiff's cease and desist, Credit Control sent a letter directly to Plaintiff on behalf of LVNV, dated June 6, 2022.

46.     The letter alleged that Plaintiff no longer owed money to Synchrony Bank, but now owed $6,522.41 to LVNV.

47.     However, Plaintiff was never indebted to LVNV, and was never indebted to LVNV for $6,522.41.

48.     According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.  LVNV and its related companies are at the top for the entire country in terms

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

of the volume of such complaints.

49.     LVNV is a shell company.  LVNV has no employees.  LVNV has no collection agreements.  Instead, along with at least a dozen other shell companies including Pinnacle Credit Services, Resurgent Funding, CACH, Ashley Funding Services, PYOD, Resurgent Receivables, and Sherman Originator, LVNV is controlled by Resurgent Capital Services ("Resurgent Capital").  Employees of Resurgent Capital act as unpaid "representatives" of LVNV and the other shell companies through what the employees believe is a "limited power of attorney."   These "representatives" receive no training whatsoever concerning the shell companies' business and are often unaware of whether at a given time they are acting as an employee of Resurgent Capital, a representative of one of the shell companies, or both.

50.     Through the shell companies, Resurgent Capital purchases large portfolios of charged-off consumer debt from banks for pennies on the dollar.  Such portfolios rarely include account-level documentation, such as credit agreement signed by consumers, providing competent proof that the consumers actually owe the amount attributed to each consumer.

51.     At the exact same time that the portfolio is purchased, the shell companies literally simultaneously "sell" the portfolios to each other using a bogus document entitled "Transfer and Assignment."   The Transfer and Assignment documents, used and reused over multiple years, appear at first glance to be legitimately hand-signed agreements between the shell companies. However, a closer examination reveals that the documents are "robo-signed," with identical facsimile signatures used on many documents spanning multiple years.  The signatures are printed in different colors in an attempt to make the observer believe they are legitimate hand-signed documents. They are not.  These "purchases" are bogus, meant only to confuse consumers as to whom they may owe money and to insulate Resurgent Capital, rather than bona fide, arm's length

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

transactions.

52.     Nevertheless, based on these bogus agreements, LVNV and the other shell companies flood Utah and Missouri State Courts, including this Court, with tens of thousands of lawsuits claiming Missouri consumers owe them money.

53.     This is the same tortured process that Plaintiff's account with Synchrony endured. Upon information and belief, one of the shell companies, most likely Sherman Originator, "purchased" a large portfolio of charged-off consumer debt from Synchrony for pennies on the dollar.  Such portfolio presumably included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff for the amount sought.  Sherman Originator then, at the exact same time, "transferred, sold, assigned, conveyed granted and delivered" the portfolio to another shell company.  Then, again at the exact same time, that shell company, in turn "transferred, sold, assigned, conveyed granted and delivered" the portfolio to the instant shell company, LVNV.  These "transactions" are all supposedly documented through the sham robo-signed "Transfer and Assignment" document.

54.     Indeed, Plaintiff was never indebted to LVNV for $6,522.41 and LVNV never extended credit to Plaintiff for $6,522.41.

55.     Plaintiff was never involved in any transaction with LVNV for $6,522.41 and never entered into any contract with LVNV for the payment of $6,522.41.

56.     Upon information and belief, Credit Control does not possess competent proof that Plaintiff owes $6,522.41 to LVNV.

57.     Upon information and belief, LVNV does not possess competent proof that Plaintiff owes it $6,522.41.

58.     Upon information and belief, Credit Control does not possess any credit agreement

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

between Plaintiff and LVNV for $6,522.41.

59.     Upon information and belief, LVNV does not possess any credit agreement between it and Plaintiff for $6,522.41.

60.     Upon information and belief, Credit Control does not possess competent proof that Plaintiff agreed to pay $6,522.41 to LVNV.

61.     Upon information and belief, LVNV does not possess competent proof that Plaintiff agreed to pay it $6,522.41.

62.     Upon information and belief, Credit Control does not possess any competent proof that Plaintiff is obligated to pay $6,522.41 to LVNV.

63.     Upon information and belief, LVNV does not possess any competent proof that Plaintiff is obligated to pay it $6,522.41.

64.     Upon information and belief, Credit Control does not possess any competent proof that $6,522.41 was ever owed by Plaintiff to LVNV.

65.     Upon information and belief, LVNV does not possess any competent proof that $6,522.41 was ever owed to it by Plaintiff.

66.     Upon information and belief, Credit Control does not possess any competent proof that Plaintiff owed $6,522.41 at the time LVNV purchased the portfolio of debt.

67.     Upon information and belief, LVNV does not possess any competent proof that Plaintiff owed $6,522.41 at the time LVNV purchased the portfolio of debt.

68.     Credit Control holds no legal right, title or interest in $6,522.41 owed by Plaintiff.

69.     LVNV holds no legal right, title or interest in $6,522.41 owed by Plaintiff.

70.     Nevertheless, in its efforts to collect the money, LVNV hired or otherwise retained Credit Control for the purposes of collecting the money from Plaintiff.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

71.     As part of its utilization of Credit Control, LVNV conveyed information concerning Plaintiff and the alleged debt to Credit Control by electronic means.

72.     The information conveyed by LVNV to Credit Control, which, upon information and belief, was viewed by employees of Credit Control, contained Plaintiff's personal and private information including personal identifying data, among other things.

73.     That letter, dated June 6, 2022, was received and read by Plaintiff.

74.     The letter was the initial written communication Plaintiff received from Credit Control for the alleged debt.

75.     The letter stated, "We are trying to collect a debt that you owe to LVNV Funding LLC."

76.     Upon information and belief, Credit Control does not perform any review of the alleged sale documents or investigation into consumers' accounts to determine if in fact Plaintiff actually owed the alleged debt to LVNV.

77.     In fact, Plaintiff does not owe LVNV the money Credit Control was attempting to collect from Plaintiff.

78.     Credit Control's statement that Plaintiff owed the alleged debt to LVNV is false, misleading and/or deceptive.

79.     The letter offered three options for Plaintiff to resolve the alleged debt for less than the full balance.

80.     The offers were 40%-50% discounts of the full balance.

81.     Defendants regularly offer consumers discounts to pay the alleged debt in an attempt to secure quick payments from consumers, in the hopes that the consumer will not question the fact that the alleged debt is not owed to LVNV.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

82.    At the time of the letter, the alleged debt was time-barred.

83.    The letter failed to inform the Plaintiff that the alleged debt was beyond the legal statute of limitations.

84.    The letter failed to inform the Plaintiff of the ramifications of making a partial payment on a time-barred debt.

85.    The letter stated that Plaintiff could save money by accepting one of the payment options.

86.    The foregoing is false, misleading, and/or deceptive, as it is impossible to save money by paying a time-barred debt.

87.    In fact, Plaintiff would have been in a worse financial position by paying the alleged debt.

88.    The acts of Defendants as described in this Petition were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to Defendants in this Petition shall mean Defendants or their owners, officers, agents, and/or employees.

89.    Defendants' conduct as described in this Petition was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

90.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

91.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

92. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

93. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

94. A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692c(b) and 1692f

95. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

96. The Plaintiff is a "consumer" as that term defined by the FDCPA.

97. Credit Control is a "debt collector" as that term is defined by the FDCPA.

98. LVNV is a "debt collector" as that term is defined by the FDCPA.

99. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

100. The letter is a "communication" as that term is defined by the FDCPA.

101. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

102. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

103. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

104. LVNV's conveyance of Plaintiff's personal and private information to Credit Control is a "communication" as that term is defined by the FDCPA.

105.    Plaintiff never consented to LVNV's communication with the third-party vendor concerning the alleged Debt.

106.    Plaintiff never consented to LVNV's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

107.    Plaintiff never consented to LVNV's communication with Credit Control concerning Plaintiff's personal and/or confidential information.

108.    Plaintiff never consented to LVNV's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

109.    Upon information and belief, LVNV has utilized a third-party vendor for these purposes thousands of times.

110.    LVNV utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

111.    LVNV utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

112.    LVNV utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from LVNV's unauthorized disclosure of such private and sensitive information.

113.    LVNV utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

114.    LVNV utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

115.    LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

116.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

117.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

118.    LVNV disclosed Plaintiff's private and sensitive information to the third-party vendor.

119.    LVNV violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

120.    As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

121.    Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

122.    As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

123.    A violation of Section 1692c(b) is an invasion of privacy.

124.    As described herein, LVNV violated Section 1692c(b).

125.    As described herein, LVNV invaded Plaintiff's privacy.

126.    A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

127.    A violation of Section 1692c(b) is a public disclosure of private facts.

128.    As described herein, LVNV violated Section 1692c(b).

129.    As described herein, LVNV publicly disclosed Plaintiff's private facts.

130.    For the foregoing reasons, LVNV violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

131.    LVNV violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 per defendant plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)

132.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

133.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

134.    Credit Control is a "debt collector" as that term is defined by the FDCPA.

135.    LVNV is a "debt collector" as that term is defined by the FDCPA.

136.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

137.    The letter is a "communication" as that term is defined by the FDCPA.

138.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

139.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

140.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

141.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

142.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

143.    As previously stated, Plaintiff did not owe the amount Credit Control alleges is owed to LVNV by Plaintiff.

144.    As such, Credit Control did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

145.    Credit Control's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

146.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

147.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

148.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

149.    As set forth above, Plaintiff did not owe money to LVNV.

150.    As such, Credit Control did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

151.    Credit Control's statement that LVNV was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to LVNV, violates 15 U.S.C. § 1692g(a)(2).

152.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and are liable to Plaintiff therefor.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

153.     Defendants violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 per defendant plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)**

154.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

155.     The Plaintiff is a "consumer" as that term defined by the FDCPA.

156.     Credit Control is a "debt collector" as that term is defined by the FDCPA.

157.     LVNV is a "debt collector" as that term is defined by the FDCPA.

158.     The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

159.     The letter is a "communication" as that term is defined by the FDCPA.

160.     The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

161.     15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

162.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

163.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

164.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

165.     An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

166.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

167.    As previously stated in this Petition, Plaintiff did not owe the amount Credit Control alleged is owed to LVNV by Plaintiff.

168.    Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

169.    Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

170.    Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

171.    Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10).

172.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

173.    Defendants violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 per defendant plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

## FOURTH COUNT
## Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

174.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

175.  The Plaintiff is a "consumer" as that term defined by the FDCPA.

176.  Credit Control is a "debt collector" as that term is defined by the FDCPA.

177.  LVNV is a "debt collector" as that term is defined by the FDCPA.

178.  The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

179.  The letter is a "communication" as that term is defined by the FDCPA.

180.  The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

181.  15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

182.  The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff was represented by counsel regarding the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

183.  15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

184.  The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff previously provided a written cease

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

185.    For the foregoing reasons, Defendants violated <u>15 U.S.C. §§ 1692c(a)(2)</u> and <u>1692c(c)</u> and are therefore liable to Plaintiff.

186.    Defendants violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 per defendant plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

**FIFTH COUNT**
**<u>Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f</u>**

187.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

188.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

189.    Credit Control is a "debt collector" as that term is defined by the FDCPA.

190.    LVNV is a "debt collector" as that term is defined by the FDCPA.

191.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

192.    The letter is a "communication" as that term is defined by the FDCPA.

193.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

194.    <u>15 U.S.C. § 1692e</u> provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

195.    <u>15 U.S.C. § 1692e(2)(A)</u> prohibits the false representation of the character, amount, or legal status of any debt.

196.    <u>15 U.S.C. § 1692e(10)</u> prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

197.    15 U.S.C. § 1692f prohibits the use of any unfair or unconscionable means in an attempt to collect any debt.

198.    At the time of the letter, the alleged debt was time-barred.

199.    The letter did not inform Plaintiff that the legal statute of limitations had expired.

200.    The letter offered payment options to pay the alleged debt over a period of months.

201.    The letter failed to inform the Plaintiff of the ramifications of making a partial payment on a time-barred debt.

202.    The letter offered payment options and informed Plaintiff that Plaintiff would save money by paying the alleged debt.

203.    It is impossible for a consumer to save money by paying a time-barred debt.

204.    In fact, had Plaintiff taken the offer of Defendants, Plaintiff would have been in a worse financial position.

205.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f, and are liable to Plaintiff therefor.

206.    Defendants violated the FDCPA and are liable to Plaintiff for statutory damages of up to $1,000.00 per defendant plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

## JURY DEMAND

207.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a.    Finding Credit Control's actions violate the FDCPA; and

b.    Finding LVNV's actions violate the FDCPA; and

Electronically Filed - ST LOUIS COUNTY - May 15, 2023 - 04:01 PM

c.      Awarding statutory damages to Plaintiff against each Defendant up to $1,000.00, pursuant to 15 U.S.C. § 1692k; and

d.      Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

e.      Awarding the costs of this action to Plaintiff; and

f.      Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

g.      Such other and further relief that the Court determines is just and proper.

DATED: April 3, 2023

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Gregory M. Klote__

Gregory M. Klote , #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
E: greg@hklawstl.com
Attorneys for Plaintiff